UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>       Plaintiff,<br><br>       v.<br><br>FOOD AND DRUG ADMINISTRATION,<br><br>       Defendant. | Civil Action No. 22-3572 (CKK) |

**DECLARATION OF ELIZABETH TETER-GOSSMANN, J.D. IN SUPPORT OF
DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

I, Elizabeth Teter-Gossmann, J.D., declare as follows:

1.      I am an Associate Chief Counsel in the Office of the Chief Counsel ("OCC"),
United States Food and Drug Administration ("FDA"), in Silver Spring, Maryland. I have held
this position since April 2022. As an Associate Chief Counsel, I provide legal advice and
representation to FDA.

2.      I am personally familiar with the Freedom of Information Act ("FOIA") request
submitted by Plaintiff dated November 29, 2021 (hereafter, "Plaintiff's FOIA Request"), and
FDA's handling of such request.

3.      The statements made in this declaration are based upon my personal knowledge
and official records available to me in my capacity as an Associate Chief Counsel. The purpose
of this declaration is to explain how FDA reviewed the records responsive to Plaintiff's FOIA
Request and how it prepared the *Vaughn* index filed in this matter.

4.      Plaintiff's FOIA Request sought "[c]opies of autopsy reports concerning any [Vaccine Adverse Event Reporting System (VAERS)]-reported death following COVID-19 vaccination." Compl., Ex. 1, ECF No. 1-1, at 8.

5.      FDA received a list of 595 Reporting System ID numbers from the Centers for Disease Control and Prevention ("CDC") for death reports submitted after COVID-19 vaccination that had autopsy reports associated with them. Brockner Ryan Decl. ¶ 10. CDC advised FDA's Center for Biologics Evaluation and Research ("CBER") that to obtain the requested autopsy records, CBER would have to manually pull the VAERS records for each VAERS ID and then extract the autopsy reports. *Id.*

6.      FDA collected all of the information in the VAERS files associated with the 595 identification numbers provided by the CDC (the "Autopsy Reports") and identified a total of 539 autopsy reports responsive to the FOIA request.  *Id*. ¶ 11

7.      On July 13, 2023, FDA filed a Motion for Summary Judgment, explaining that all of the records responsive to Plaintiff's FOIA Request were appropriately withheld in full under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). ECF No. 21. On August 14, 2023, Plaintiff filed its Cross-Motion for Summary Judgment. ECF No. 22. Briefing on the cross-motions was completed on September 28, 2023. ECF No. 25.

8.      On August 30, 2024, the Court issued an Order requiring FDA to:

> supplement the record by filing a *Vaughn* Index supporting its claimed FOIA exemption (Exemption 6). Therein, [FDA] shall identify which portions of the autopsy reports are exempt under Exemption 6, which portions are not exempt under Exemption 6, and how the agency conducted its segregability analysis.

Order, ECF No. 26, at 12.

9.      After the August 30, 2024 Order issued, an OCC paralegal, under my supervision and guidance, performed a careful page-by-page, line-by-line review of each autopsy report responsive to Plaintiff's FOIA Request to determine whether all of the information contained therein was properly withheld under FOIA Exemption 6, and prepared a preliminary draft of the *Vaughn* Index describing the contents of each autopsy report and an explanation of the FOIA exemption invoked.

10.     After the paralegal completed the preliminary draft of the *Vaughn* Index, I reviewed each of the 593 entries listed in the *Vaughn* Index to confirm that all of the information contained in each entry was properly withheld under FOIA Exemption 6 and that the content description and foreseeable harms explanation for each autopsy report in the *Vaughn* Index were accurate. Please note that only 539 of these 593 entries contained autopsy reports, which is why there are more entries for the *Vaughn* index than there are responsive records. The following entries are nonresponsive: Index Nos. 10, 17, 28, 37, 73, 94, 129, 150, 217, 218, 220, 222, 227, 228, 234, 235, 237, 250, 262, 273, 298, 354, 355, 365, 375, 386, 388, 390, 391, 416, 421, 441, 453, 457, 460, 462, 466, 480, 495, 501, 506, 511, 515, 519, 524, 533, 536, 538, 540, 546, 561, 567, 570, and 577.

11.     On November 18, 2024, FDA filed Defendant's Notice of Filing *Vaughn* Index. Def.'s Not. of Filing, ECF No. 28. The *Vaughn* Index identifies the contents of each autopsy report responsive to Plaintiff's FOIA Request; the FOIA exemption applicable to each autopsy report; and the foreseeable harm that FDA expects to ensue if any of the withheld information were disclosed. Def.'s Not. of Filing, Ex. 1, ECF No. 28-1.

12.     Each entry of the *Vaughn* index identifies the specific material subject to Exemption 6, and each entry identifies the specific material that, while not itself subject to

Exemption 6, is inextricably intertwined with exempt portions and, without production of accompanying material subject to Exemption 6, would have minimal or no information content.

13.     As explained in the *Vaughn* Index, ECF No. 28-1, and in FDA's summary judgment briefs, Def.'s Summ. J. Mem., ECF No. 21-1, at 9–27; Def.'s Summ. J. Opp. and Reply, ECF No. 23, at 5–18, FDA expects that disclosing any of the information protected by Exemption 6 is reasonably likely to result in foreseeable harm to the decedents' families because, under a mosaic theory, individuals would likely be able to piece together this information from the autopsy reports to determine the decedents' identities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Elizabeth Teter-Gossmann, J.D.
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration

Executed on January 17, 2025

- 4 -