UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INFORMED CONSENT ACTION
NETWORK,

       Plaintiff,

      v.

FOOD AND DRUG ADMINISTRATION,

      Defendant.

Civil Action No. 22-3572 (CKK)

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S**
**RENEWED MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................... 1

I.   Plaintiff Waived Its Challenge to Personally Identifying Information. ................................. 1

II.  Even If Plaintiff Did Not Waive Some of These Challenges, the Information It Demands Is Covered by FOIA Exemption 6 Because It Can Be Identified as Applying to the Decedents, and Its Disclosure Is Reasonably Expected to Cause Foreseeable Harm. ................................. 7

III. The Remaining Information Contains Minimal or No Information Value. ......................... 10

CONCLUSION ...................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

\* *Dep't of State v. Wash. Post Co.*,
   456 U.S. 595 (1982) ........................................................................................ 7, 8

*Durant v. District of Columbia*,
   875 F.3d 685 (D.C. Cir. 2016) .............................................................................. 3

*Laffey v. Nw. Airlines, Inc.*,
   740 F.2d 1071 (D.C. Cir. 1984) ............................................................................ 1

*Larson v. Dep't of State*,
   565 F.3d 857 (D.C. Cir. 2009) .............................................................................. 1

*McWatters v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
   No. 24-5083, 2025 WL 457639 (D.C. Cir. Feb. 11, 2025) ...................................... 9

*Mead Data Ctr., Inc. v. Dep't of Air Force*,
   566 F.2d 242 (D.C. Cir. 1977) ............................................................................ 10

*Miller v. Casey*,
   730 F.2d 773 (D.C. Cir. 1984) .............................................................................. 1

*Munoz v. County of Imperial*,
   667 F.2d 811 (9th Cir. 1982) ................................................................................ 2

*Nat'l Archives & Records Admin. v. Favish*,
   541 U.S. 157 (2004) ............................................................................................. 9

\* *Perioperative Servs. & Logistics, LLC v. Dep't of Veterans Affs.*,
   57 F.4th 1061 (D.C. Cir. 2023) ....................................................................... 7, 8, 10

*Wolf v. CIA*,
   473 F.3d 370 (D.C. Cir. 2007) .............................................................................. 1

**Statutes**

5 U.S.C. § 552 .................................................................................................... 10

Defendant, the United States Food and Drug Administration ("FDA" or the "Agency"), respectfully submits this reply in further support of its renewed motion for summary judgment (ECF No. 30).

## ARGUMENT

The Court should grant FDA's motion for summary judgment and deny Plaintiff's cross-motion. FDA has "describe[d] the justifications for nondisclosure with reasonably specific detail [and] demonstrate[d] that the information withheld logically falls within the claimed exemption," and the agency's justifications are "not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)). As the D.C. Circuit has noted, "an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Miller*, 730 F.2d at 776 (internal quotation marks omitted; quoting *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007)). FDA has fully supported its assertion of FOIA Exemption 6 to withhold the Autopsy Reports in full.

## I.    Plaintiff Waived Its Challenge to Personally Identifying Information.

In response to Defendant's waiver argument, Plaintiff's opposition (ECF No. 32) fails to acknowledge any of Plaintiff's prior statements in its first reply brief (ECF No. 25) that Defendant could withhold any "personally identifying information." *See* Pl.'s 1st Reply (ECF No. 25) at 11 ("ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted."). Plaintiff instead relies solely on its attempt to resurrect its waived challenges in its second motion for summary judgment. *See* Pl.'s 2d Opp'n (ECF No. 32) at 10 (citing Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). Plaintiff must be held to its earlier representations in its prior briefing. *See Laffey v. Nw. Airlines, Inc.*, 740 F.2d 1071, 1089 (D.C. Cir. 1984) ("Adherence to

1

the rule that a party waives a 'contention that could have been but was not raised [earlier in litigation],' is, of course, necessary to the orderly conduct of litigation." (citation omitted; quoting *Munoz v. County of Imperial*, 667 F.2d 811, 817 (9th Cir. 1982))).

Even if the Court were to deem Plaintiff's statement that it has "made clear that it seeks the Autopsy Reports with personally identifying information redacted" of no effect, Plaintiff's more recent statements serve only to add confusion to Plaintiff's position in this litigation. For instance, in its most recent filing, "Plaintiff has made clear that it '. . . is not seeking: decedent's full name, address, DOB, telephone no., facility information where vaccine was given, *full medical history*, email address, social security number, place of death, parents' names, next of kin name/address, or funeral home information.'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (emphasis added; alteration in original; quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). Despite confirming that Plaintiff is not seeking the decedents' medical history, just two pages later, Plaintiff writes that the decedent's "medical history" is "some of the most relevant information sought by Plaintiff." *Id.* at 12; *see id.* ("Doing so would still allow for the release of the reports with information such as the decedent's medical history, which may note a previous reaction to a vaccine or some other pre-existing condition or comorbidity; or the circumstances as to how decedent died, which remains some of the most relevant information sought by Plaintiff and which is of great interest to Plaintiff and the public."). Plaintiff fails to acknowledge its contradictions and shifting positions.

Defendant provided a bulleted list of all the Exemption 6 material in the Autopsy Reports. Def.'s 2d Summ. J. Br. (ECF No. 30-1) at 13–15. Plaintiff's opposition fails to discuss the vast majority of this information. Thus, even if the Court were to overlook Plaintiff's prior waivers, Plaintiff would at a minimum have forfeited any arguments concerning the items of information

2

that it has not addressed. *See Durant v. District of Columbia*, 875 F.3d 685, 695 (D.C. Cir. 2016) (applying forfeiture because "[d]uring the summary judgment proceedings before the District Court, when Durant was represented by counsel, he never raised an argument that the District's position was infirm as a matter of law because the District carried the burden of proving that Durant had failed to file any timely charges").

Defendant provides the following table identifying the examples of Plaintiff's waiver or forfeiture for each item:

| *Vaughn* Index Item | Status in Plaintiff's Brief |
|---|---|
| Decedent's full name | "Plaintiff has made clear that it '. . . is not seeking: decedent's full name[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's maiden name | Maiden names have not been specifically mentioned in any of Plaintiff's filings, but "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted." Pl.'s 1st Reply (ECF No. 25) at 11. |
| Decedent's date and/or place of birth | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . DOB[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). Plaintiff has not specifically mentioned decedents' birthplace in any of Plaintiff's filings, but "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted." Pl.'s 1st Reply (ECF No. 25) at 11. |
| Decedent's address | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . address[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's telephone number | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . telephone no.'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |

| *Vaughn* Index Item | Status in Plaintiff's Brief |
|---|---|
| Decedent's email address | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . email address[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's race, ethnicity or ancestry, sex, occupation, marital status, information about the decedent's body, circumstances as to how decedent died, the personal information of the person who filled out the document (e.g., name and address), and date and time next of kin was notified of death | "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted." Pl.'s 1st Reply (ECF No. 25) at 11. |
| Decedent's tribe of membership | Tribe of membership has not been specifically mentioned in any of Plaintiff's filings, but "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted." Pl.'s 1st Reply (ECF No. 25) at 11. |
| Decedent's height, weight, and/or hair and eye color | "Defendant, out of an abundance of caution, can even redact characteristics such as the decedent's eye and hair color." Pl.'s 2d Opp'n (ECF No. 32) at 12. Height and weight have not been specifically mentioned in any of Plaintiff's filings, but "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted." Pl.'s 1st Reply (ECF No. 25) at 11. |
| Decedent's identifying marks, scars, and/or tattoos | In reference to the redacted autopsy report Plaintiff filed, Plaintiff previously noted that "the decedent in the autopsy report did not have distinctive marks, scars, tattoos, or piercings; therefore, that information could not have been redacted from the report," implying that this information could have been redacted if the decedent had any identifying marks, scars, or tattoos. Pl.'s 1st Reply (ECF No. 25) at 16. |

4

| *Vaughn* Index Item | Status in Plaintiff's Brief |
|---|---|
| Decedent's social security number | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . social security number[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's passport number | Passport numbers have not been specifically mentioned in any of Plaintiff's filings, but "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted." Pl.'s 1st Reply (ECF No. 25) at 11. |
| Decedent's driver's license information (e.g., driver's license number) | Driver's license information has not been specifically mentioned in any of Plaintiff's filings, but "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted." Pl.'s 1st Reply (ECF No. 25) at 11. |
| Decedent's date of vaccination, cause of death, full list of medications, allergies, chronic/long-standing health conditions, and toxicology and/or laboratory test results | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . full medical history[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's date of service | The decedents' dates of medical service have not been specifically mentioned in any of Plaintiff's filings, but "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . full medical history[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's immunizations records | The decedents' immunization records (besides COVID-19 vaccination) have not been specifically mentioned in any of Plaintiff's filings, but "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . full medical history[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| The facility information where the decedent was vaccinated | "Plaintiff has made clear that it '. . . is not seeking: . . . facility information where vaccine was given[.]'" Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |

| *Vaughn* Index Item | Status in Plaintiff's Brief |
|---|---|
| The date, time, and/or place of death | "For each decedent, ICAN is *not seeking* . . . date, time, or city/state of death (ICAN seeks only the time between vaccination and death where available)[.]"  Pl.'s 1st Summ. J. Br. (ECF No. 22-1) at 11 (emphasis in original). |
| Decedent's method and/or place of disposition | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . funeral home information.'"  Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's education | The decedents' educations have not been specifically mentioned in any of Plaintiff's filings, but "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted."  Pl.'s 1st Reply (ECF No. 25) at 11. |
| Decedent's veteran status and/or Department of Defense ID number | The decedents' veteran status and Department of Defense identification numbers have not been specifically mentioned in any of Plaintiff's filings, but "ICAN has made clear that it seeks the Autopsy Reports with personally identifying information redacted."  Pl.'s 1st Reply (ECF No. 25) at 11. |
| The names and/or contact information (e.g., address, telephone number, email address) of the decedent's parents, spouse, relative, neighbor, and/or next of kin | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . parents' names [or] next of kin name/address[.]'"  Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's family members' dates of birth | "Plaintiff has made clear that it '. . . is not seeking: . . . DOB[.]'"  Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11).  To the extent the Court reads "decedent's" as modifying "DOB" in the prior quote, Plaintiff has not otherwise discussed family members' dates of birth. |
| Information identifying the decedent's funeral home | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . funeral home information.'"  Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |

| ***Vaughn* Index Item** | **Status in Plaintiff's Brief** |
|---|---|
| Decedent's full medical history | "Plaintiff has made clear that it '. . . is not seeking: decedent's . . . full medical history[.]'"  Pl.'s 2d Opp'n (ECF No. 32) at 10 (quoting Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 11). |
| Decedent's doctor's name | "Defendant can indeed redact . . . details about the doctor performing the autopsy[.]"  Pl.'s 2d Opp'n (ECF No. 32) at 12. |

The Court should apply the waiver and forfeiture doctrines to find that Plaintiff has waived or forfeited its challenges to all the Exemption 6 material identified above.  At the very least, the Court should not allow Plaintiff to resurrect its challenges to any items that it specifically disclaimed that it was requesting in any of its prior briefing or, conversely, has not specifically discussed.

**II.    Even If Plaintiff Did Not Waive Some of These Challenges, the Information It Demands Is Covered by FOIA Exemption 6 Because It Can Be Identified as Applying to the Decedents, and Its Disclosure Is Reasonably Expected to Cause Foreseeable Harm.**

Without citing any supporting case law, Plaintiff's opposition takes an overly narrow view of Exemption 6, a view which boils down to the argument that only a person's name is protected by the exemption.  The Supreme Court has rejected similarly narrow "limited view[s]" of Exemption 6.  *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 601 (1982).  "Under the plain language of the exemption, nonintimate information about a particular individual which happens to be contained in a personnel or medical file can be withheld if its release would constitute a clearly unwarranted invasion of personal privacy."  *Id.*  So long as the material contained in a medical or similar file is "about a particular individual," then the Exemption 6 balancing test is triggered.  *Id.*; *see also Perioperative Servs. & Logistics, LLC v. Dep't of Veterans Affs.*, 57 F.4th 1061, 1068–69 (D.C. Cir. 2023) (affirming summary judgment in favor of agency where agency

withheld in full a complaint regarding one of its vendors).  Here, all the information identified above is information "about a particular individual," *Wash. Post*, 456 U.S. at 601, and the Autopsy Reports are medical or similar files; therefore, Exemption 6 is triggered.

The next question is whether "release of th[is] information would constitute a clearly unwarranted invasion of that person's privacy." *Perioperative*, 57 F.4th at 602.  Here, the interplay between foreseeable harm, segregability, and the invasion of the person's privacy is significant because a primary problem with disclosure is that, in a universe of so few autopsy reports, even seemingly banal information can allow an individual, especially one with some level of personal knowledge concerning the decedent, to identify the decedent.  Declaration of Elizabeth Teter-Gossmann ("Teter-Gossmann Decl.," ECF No. 30-2) ¶ 13 ("FDA expects that disclosing any of the information protected by Exemption 6 is reasonably likely to result in foreseeable harm to the decedents' families because, under a mosaic theory, individuals would likely be able to piece together this information from the autopsy reports to determine the decedents' identities.").

How this mosaic theory would play out in practice is described in detail in the Declaration of John Hyder ("Hyder Decl.," ECF No. 21-4).  The Autopsy Reports "contain numerous seemingly innocuous pieces of information that can be used to determine the decedents' identities."  Hyder Decl. ¶ 12.  "Alone, any one of these pieces of information may not be used to identify an individual, but when combined with information in the public domain, they are likely to reveal the decedents' identities."  *Id.* ¶ 14.  "Once the decedent is identified, surviving family members can be identified through readily accessible public information."  *Id.*  "It is reasonably foreseeable that FDA's public disclosure of redacted versions of the requested [ ] autopsy reports would harm surviving family members because Plaintiff or any member of the public can combine the information it receives with information in the public domain to identify the decedents and

their next of kin." *Id.* ¶ 19. As the D.C. Circuit just recently confirmed yet again, the right to personal privacy "extends to a family member's 'personal stake in honoring and mourning their dead and objecting to unwarranted public exploitation.'" *McWatters v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 24-5083, 2025 WL 457639, at *2 (D.C. Cir. Feb. 11, 2025) (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 170 (2004)).

FDA recognizes that the Court has determined that there is a public interest here. *See* Mem. Op. (ECF No. 26) at 10 ("There is also a public interest at stake in releasing the autopsy reports, to the extent that any of the reports conclude that a COVID-19 vaccine caused the adverse event (in this case, death)." (citing Nair Decl. (ECF No. 21-5) ¶ 10)); *see also* Nair Decl. ¶ 10 ("An autopsy report may be conclusive as to an individual's cause of death, but even if the autopsy report concludes that a COVID-19 vaccine caused the death, it does not necessarily mean the COVID-19 vaccine presents an unrecognized or higher risk of death to the population at large."). To the extent that public interest is valid, the balancing analysis tilts firmly in favor of nondisclosure. Knowing any of the biographical or demographic details about the decedent or the decedent's medical history does nothing to attribute to the public understanding of "the overall risk of death to the population and the particular COVID-19 vaccine administered to the individual described by the autopsy report." Nair Decl. ¶ 15. Plaintiff appears intent on drawing anecdotal conclusions from a limited dataset to try to make unsupportable conclusions about the risk of death from the COVID-19 vaccination for people who share certain traits or characteristics with certain decedents. There is a way to draw conclusion about the risks of COVID-19 vaccinations, which the Nair Declaration describes in detail (¶¶ 11–15), and that is simply not the way. Given the extreme limitations on drawing the conclusions Plaintiff seeks to draw from this dataset, *id.*

9

¶¶ 11–15, the balancing analysis tilts strongly in favor of nondisclosure, and FDA has appropriately withheld the Autopsy Reports in full.

### III.    The Remaining Information Contains Minimal or No Information Value.

Despite the centrality of *Perioperative Services & Logistics, LLC v. Department of Veterans Affairs*, 57 F.4th 1061 (D.C. Cir. 2023), to FDA's arguments regarding segregability, Plaintiff has continued to avoid discussing that decision in any of its briefing (ECF Nos. 22-1, 25, 31-1, 32).  The only time *Perioperative* appears even in passing is a block quote to a paragraph of FDA's *Vaughn* index.  Pl.'s 2d Summ. J. Br. (ECF No. 31-1) at 10 (quoting *Vaughn* Index (ECF No. 28-1)).  As *Perioperative* makes clear in approving the withholding in full of a complaint about a vendor under Exemption 6, an agency "need not disclose a redacted version of [a record] if the unredacted markings would 'have minimal or no information content.'"  *Perioperative*, 57 F.4th at 1069 (quoting *Mead Data Ctr., Inc. v. Dep't of Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977)).  Thus, governing precedent does not require FDA to disclose all non-exempt portions of the Autopsy Reports, but rather, only those portions that have more than minimal information content.  *Id.*  Indeed, Congress confirmed this by requiring disclosure only of "reasonably segregable portion[s] of a record," not any segregable portion of a record.  5 U.S.C. § 552(b).

The only viable reason for Plaintiff's continued silence as to *Perioperative* is that Plaintiff does not seek disclosure of the information that would not be subject to Exemption 6, such as "standardized form language and headings (e.g., [the Vaccine Adverse Event Reporting Service] toll-free phone number and fax number" and standardized "headings" devoid of information about any individual.  *See, e.g.*, *Vaughn* Index (ECF No. 28-1) at 2.  Indeed, Plaintiff has stated in its opposition that it is demanding disclosure not of this standardized form language, but rather certain personally identifying information, *contra* Pl.'s 1st Reply (ECF No. 25) at 11, concerning the decedents.  *See* Pl.'s 2d Opp'n (ECF No. 32) at 10 ("Plaintiff has made equally clear that it '. . . is

seeking: year of birth, race, sex, ethnicity, date when vaccine was given, list of medication, allergies, any non-identifying portions of the full medical history, chronic/long-standing health conditions, circumstances as to how decedent died, date and cause of death, toxicology test results, occupation, marital status, and any other information that is not personally identifying.' Thus, to be clear, Plaintiff has not waived any challenge to the type of information listed above." (alteration in original; citation omitted)).   Accordingly, Plaintiff has waived or forfeited any arguments concerning disclosure of the information in the Autopsy Reports that FDA has not identified as subject to Exemption 6.

### CONCLUSION

For all the reasons set forth above and in FDA's opening brief and supporting declarations, FDA respectfully requests that the Court grant summary judgment in its favor and deny Plaintiff's cross-motion for summary judgment.

Dated: February 21, 2025                    Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:          /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar #1020234
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2551

*Attorneys for the United States of America*

11